**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MJH LIFE SCIENCES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>P/S/L GROUP AMERICA INC. d/b/a PEERDIRECT PUBLISHING, et al.,<br><br>    Defendants. | Civil Action No. 24-08781 (SDW) (AME)<br><br>**WHEREAS OPINION**<br><br>October 7, 2024 |

**THIS MATTER** having come before the Court on the motion by Plaintiff MJH Life Sciences, LLC ("Plaintiff") to remand this action pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction [D.E. 7]; and Defendants P/S/L Group America Inc. d/b/a PeerDirect Publishing ("PeerDirect") having opposed the motion and cross-moved for leave to conduct jurisdictional discovery [D.E. 26]; and the Court having considered the parties' written submissions without oral argument, *see* Fed. R. Civ. P. 78(b); and

**WHEREAS** on August 22, 2024, Plaintiff initiated this action for breach of contract, unfair competition, and misappropriation of trade secrets in the Superior Court of New Jersey, Morris County, by filing a Verified Complaint naming defendants PeerDirect and Shane Marchesani ("Marchesani") (collectively "Defendants") along with an application for an order to show cause for injunctive relief with temporary restraints. The Verified Complaint alleges, among other things, that Marchesani violated various restrictive covenants in his employment agreement with Plaintiff by obtaining employment with its direct competitor PeerDirect and that both Defendants have unlawfully used Plaintiff's confidential, proprietary information for their own benefit. It asserts eight claims for relief under New Jersey statutory and common law; and

**WHEREAS** on August 27, 2024, PeerDirect removed this action pursuant to 28 U.S.C. §§ 1441 and 1446, claiming this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship between Plaintiff and Defendants. *See* Notice of Removal ¶ 13. As to the diverse citizenship of the parties, the Notice of Removal asserts as follows: Plaintiff maintains a principal place of business in New Jersey; Marchesani resides in Florida; and PeerDirect is a Delaware corporation with its principal place of business in New York. *See id.* ¶ 14. It further asserts that, because neither Marchesani nor PeerDirect is a citizen of New Jersey, Defendants are completely diverse from Plaintiff, as required for diversity jurisdiction under Section 1332. *See id.*; and

**WHEREAS**, on August 29, 2024, Plaintiff filed this motion for remand based on lack of complete diversity as required for Section 1332 subject matter jurisdiction. Plaintiff argues that, under Third Circuit law, its citizenship for purposes of diversity jurisdiction must be determined by the citizenship of its members and, where those members are limited liability companies or limited partnerships themselves, the citizenship of their own members or partners. In particular, through the declaration of its chief financial officer, Neil Glasser, Plaintiff identifies its sole member and traces all downstream members in Plaintiff's ownership structure, ultimately identifying one individual partner in an entity known as BDT Capital Partners Fund 3 LP ("Fund 3") who is a citizen of New York. *See* Decl. of Neil Glasser dated Aug. 29, 2024 ("First Glasser Decl.") ¶¶ 2-5. Plaintiff maintains that individual's citizenship renders Plaintiff a citizen of New York, and as such complete diversity with Peer Direct, also a citizen of New York, is lacking; and

**WHEREAS** the Court held an early case management conference to address Plaintiff's request for an expedited decision on the remand motion and permitted Plaintiff to supplement its motion with additional declarations to address Defendants' expressed concerns that there was insufficient proof of Plaintiff's New York citizenship; and

**WHEREAS**, thereafter, Plaintiff filed a second declaration by its chief financial officer, attaching exhibits to support his factual assertions concerning Plaintiff's chain of members leading to the Fund 3 partner domiciled in New York, *see* Decl. of Neil Glasser dated Sept. 4, 2024 ("Second Glasser Decl."), and a declaration by that individual Fund 3 partner, C.M.,[1] *see* Decl. of C.M. dated Sept. 4, 2024; and

**WHEREAS**, notwithstanding these supplemental declarations, PeerDirect's opposition to the remand motion continues to argue that Plaintiff has failed to provide sufficient, competent evidence demonstrating it is a citizen of New York. Specifically, PeerDirect maintains three factual assertions remain unsubstantiated: (1) that Fund 3 is in the membership chain linked to Plaintiff, (2) that C.M. is a Fund 3 partner, and (3) that C.M. is domiciled in New York.[2] Defendants contend that the motion to remand should therefore be denied, or in the alternative, jurisdictional discovery should be permitted to address the three abovementioned deficiencies; and

**WHEREAS**, in its reply, Plaintiff emphasizes it is PeerDirect's burden, as the proponent of subject matter jurisdiction, to establish that diversity exists and, moreover, addresses the purported factual deficiencies in the motion to remand, providing a third declaration by its chief financial officer, *see* Decl. of Neil Glasser dated September 17, 2024 ("Third Glasser Decl."); and

**WHEREAS**, upon consideration of the parties' arguments and careful review of their various declarations and exhibits, the Court concludes, for the following reasons, that it lacks diversity jurisdiction under Section 1332(a); and

**WHEREAS** Section 1332(a) confers original jurisdiction on a federal court if the matter is between citizens of different states and the amount in controversy exceeds the sum or value of

---

[1] This Order identifies the partner by initials, as the individual's declaration has been filed under temporary seal pending decision on a motion to permanently seal the document under Local Civil Rule 5.3(c).
[2] Although it previously asserted upon removal that Plaintiff is a citizen of New Jersey based on its principal place of business, *see* Notice of Removal ¶ 14, PeerDirect appears to have abandoned its incorrect assertion that a limited liability company's principal place of business bears upon citizenship for diversity purposes.

$75,000. *See* 28 U.S.C. § 1332(a)(1).[3] It is well-settled that, to support jurisdiction under Section 1332(a), diversity must be complete, meaning the citizenship of each named plaintiff must be different than the citizenship of each named defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) (establishing rule of complete diversity)); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). The "presence in [an] action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553 (2005); and

**WHEREAS** the burden of proving diversity jurisdiction falls on the proponent of federal subject matter jurisdiction, here PeerDirect, which must establish diversity of citizenship by a preponderance of the evidence. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists"); and

**WHEREAS**, on this motion to remand, the challenge to subject matter jurisdiction centers on the absence of complete diversity between Plaintiff, a limited liability company, and Defendants, a corporation (PeerDirect) and an individual (Marchesani). A limited liability company or other unincorporated business entity takes on the citizenship of its members. *Zambelli*, 592 F.3d at 420. Moreover, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Id.* (quoting *Hart v. Terminex*

---

[3] PeerDirect does not contend this Court has federal question jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp.*, 545 U.S. at 552. Indeed, Plaintiff's Verified Complaint states no claim under federal law, and thus there is no basis for jurisdiction under Section 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding jurisdiction under Section 1331 generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

*Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *see also MHA, LLC v. Siemens Healthcare Diagnostics, Inc.*, No. 15-1573, 2017 WL 838797, at *9 (D.N.J. Mar. 2, 2017) (directing that, to establish diversity jurisdiction, "the citizenship of each membership layer of [the plaintiff LLC] must be traced and analyzed, in order to determine [its] true citizenship."). A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). An individual is a citizen of the state of domicile, that is, his or her "true, fixed and permanent home and place of habitation." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (quoting *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)) (internal quotation marks omitted); and

**WHEREAS**, based on the foregoing controlling law, there is no dispute that PeerDirect is a citizen of Delaware and New York—respectively, its state of incorporation and the state where it maintains its principal place of business—nor any dispute that Marchesani is a citizen of Florida; and

**WHEREAS**, as to the citizenship of Plaintiff, a limited liability company, the Second Glasser Declaration sets forth the following relevant information: (1) Plaintiff's sole member is MJH Healthcare Holdings, LLC; (2) MJH Healthcare Holdings, LLC's sole member is MJH Healthcare Intermediate Holdings, LLC; (3) MJH Healthcare Intermediate Holdings, LLC's sole member is MJH Healthcare Holdings Parent, LLC ("MJH Parent"); (4) MJH Parent has several members, one of which is BDT Majestic Holdings, LLC ("BDT Majestic"); (5) BDT Majestic has several members, one of which is Fund 3; and (6) Fund 3 has at least one limited partner, C.M., who is a citizen of New York. *See* Second Glasser Decl. ¶¶ 1-5, 8-9. C.M. asserts in her declaration, in relevant part, that she is both a limited partner in Fund 3 and a citizen of New York. *See* Decl. of C.M. ¶¶ 3-4; and

**WHEREAS** based on the foregoing declarations and the exhibits attached to the Second and Third Glasser Declarations, the Court finds Peer Direct has failed to carry its burden of establishing

5

complete diversity of citizenship. To the contrary, Plaintiff demonstrates it is a citizen of New York and thus non-diverse from PeerDirect; and

**WHEREAS** the Court further finds that jurisdictional discovery is neither necessary nor warranted. In particular, although PeerDirect has challenged the sufficiency of evidence as to Fund 3's membership in BDT Majestic, C.M.'s partnership in Fund 3, and C.M.'s New York domicile, the evidence proffered by Plaintiff adequately addresses those questions. The Second and Third Glasser Declarations provide documents showing that Fund 3 is part of Plaintiff's membership structure for purposes of assessing its citizenship. *See* Second Glasser Decl. Ex. D and H; Third Glasser Decl. Ex. A. Moreover, C.M.'s sworn statement corroborates this documentation, stating Fund 3 is a member in BDT Majestic, and declares her status as a limited partner in Fund 3 and her New York citizenship. *See* C.M. Decl. ¶¶ 3-4. While the Court has discretion to authorize jurisdictional discovery in certain circumstances, "only those [parties] who have provided some basis to believe [subject matter] jurisdiction exists are entitled to discovery on that issue." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (2015). The Third Circuit has cautioned that jurisdictional discovery should not be misused as an opportunity to conduct a fishing expedition and "is not available merely because [a party] requests it." *Id.* at 108 n.38. Instead, the party seeking the discovery must specify how the available information bearing on jurisdiction falls short, as may occur, for example, when the members of an unincorporated business association are not known to the proponent of diversity jurisdiction. *See id.* at 108-09; *see also Baer v. United States*, 722 F.3d 168, 176-77 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (finding no abuse of discretion in denial of jurisdictional discovery where the requesting party failed to identify a basis for it or "establish a 'reasonable expectation that discovery will reveal evidence'" supporting subject matter jurisdiction); *Washington*, 652 F.3d at 347 (holding court erred in disregarding a plaintiff's affidavit as to her state of domicile where her statement was not contradicted by other facts). Here, unlike the

cases it cites in which limited jurisdictional discovery was authorized, PeerDirect fails to point to any need for further exploration, whether by interrogatory, tailored document request, or otherwise, into Plaintiff's citizenship, particularly in view of the evidence in the record on this motion to remand; and

**WHEREAS** removal statutes, including 28 U.S.C. § 1441, must be strictly construed against removal. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Thus, where, as here, a case is removed to federal court under Section 1441, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand. *A.S. ex. rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); and

**WHEREAS**, for the foregoing reasons, the Court concludes it lacks diversity jurisdiction under Section 1332 and must accordingly remand this action; therefore,

**IT IS** on this 7th day of October 2024,

**ORDERED** that Plaintiff's motion to remand [D.E. 7] is **GRANTED**; and it is further

**ORDERED** that Defendants' cross-motion for jurisdictional discovery [D.E. 26] is **DENIED**; and it is further

**ORDERED** that this action shall be remanded to the Superior Court of New Jersey, Morris County.

                                                    /s/   Susan D. Wigenton
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Parties
              André M. Espinosa, U.S.M.J.